# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index No.:
Date of Purchase:

RUSSELL HERLING,

Plaintiff,

-against-

BEST BUY CO., INC. and BEST BUY STORES, L.P.,

Defendants.

**SUMMONS**

Plaintiff designates NASSAU County as place of trial

The basis of venue is:
Place of Occurrence:
Inside Best Buy,
660 Sunrise Highway,
Baldwin, NY

To the above named defendant:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this Summons exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Garden City, New York
July 9, 2025

Yours, etc.
CHOPRA & NOCERINO, LLP

BY: SAMEER CHOPRA, ESQ.
Attorneys for Plaintiff
100 Quentin Roosevelt Blvd
Unit 107
Garden City, New York 11530
(212) 868-3600
Our File No.: 2528.AN

To: Defendant's Address:

**BEST BUY CO., INC.**
C T Corporation System
28 Liberty St
New York, NY 10005

and / or

660 Sunrise Highway
Baldwin, NY 11510

**BEST BUY STORES, L.P.**
C T Corporation System
28 Liberty St
New York, NY 10005

and / or

660 Sunrise Highway
Baldwin, NY 11510

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
==========================================X
RUSSELL HERLING,

Plaintiff,

-against-

BEST BUY CO., INC. and BEST BUY STORES, L.P.,

Defendants.
==========================================X

Index No.:

Date of Purchase:

**VERIFIED COMPLAINT**

Plaintiff **RUSSELL HERLING** by his attorneys CHOPRA & NOCERINO, LLP., complaining of the defendants herein, respectfully show to this court and alleges as follows:

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF THE PLAINTIFF, RUSSELL HERLING**

1. That at all of the times hereinafter alleged, **RUSSELL HERLING**, was a resident of the County of Nassau, in the State of New York.

2. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BEST BUY CO., INC.**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

3. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BEST BUY CO., INC.**, was and still is a domestic corporation authorized to do business under and by virtue of the laws of the State of New York.

4. That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **BEST BUY CO., INC.**, maintained a place of business in the County of Nassau, State of New York.

5. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BEST BUY CO., INC.**, was a company organized and existing under and by virtue of the laws of the State of New York.

6. That on or about April 6, 2024, and at all times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, controlled the premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

7. That on or about April 6, 2024, and at all times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, managed the premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

8. That on or about April 6, 2024, and at all times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, operated the premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

9. That on or about April 6, 2024, and at all times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, maintained the premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

10. That on or about April 6, 2024, and at all times hereinafter mentioned, and upon

information and belief, the defendant **BEST BUY CO., INC.**, owned the premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

11. That on or about April 6, 2024, and at all times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, leased the premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

12. That on or about April 6, 2024, and at all times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, resided at the premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

13. That on or about April 6, 2024, and at all times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, rented the premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

14. That on or about April 6, 2024, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, had knowledge, both actual and constructive notice, and a reasonable awareness that the subject premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York was being used and utilized by the general public at large.

15. That on or about April 6, 2024, and at all of the times hereinafter mentioned, and

upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, hired a 3rd party to maintain the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

16. That on or about April 6, 2024, and at all of the times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, cleaned, provided a means of safe egress and ingress, erected barriers, and ensured for the safety of persons at the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

17. That on or about April 6, 2024, and at all of the times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, hired a 3rd party to clean, provide a means of safe egress and ingress, erect barriers and ensure for the safety of persons at the property at the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

18. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY CO., INC.**, owned a camera system within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

19. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, operated a camera system within the property and premises known as BEST BUY located at 660 Sunrise

Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

20. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, maintained a camera system within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

21. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, managed a camera system within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

22. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, controlled a camera system within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

23. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, had access to the camera footage taken within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York, and stored to an iCloud.

24. That on April 6, 2024, and at all times hereinafter alleged, and upon information

and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, hired a 3rd party to operate a camera system within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

25. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, hired a 3rd party to maintain a camera system within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

26. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, hired a 3rd party to manage a camera system within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

27. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, hired a 3rd party to control a camera system within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

28. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY CO., INC.**, its servants, agents and/or employees, hired a 3rd party and provided them access to the camera footage taken within the property and premises

known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York, and stored to an iCloud.

29. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BEST BUY STORES, L.P.**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

30. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BEST BUY STORES, L.P.**, was and still is a domestic corporation authorized to do business under and by virtue of the laws of the State of New York.

31. That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **BEST BUY STORES, L.P.**, maintained a maintained a place of business in the County of Nassau, State of New York.

32. That at all the times hereinafter alleged, and upon information and belief, the defendant, **BEST BUY STORES, L.P.**, was a company organized and existing under and by virtue of the laws of the State of New York.

33. That on or about April 6, 2024, and at all times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, controlled the premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

34. That on or about April 6, 2024, and at all times hereinafter mentioned, and upon

information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, managed the premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

35. That on or about April 6, 2024, and at all times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, operated the premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

36. That on or about April 6, 2024, and at all times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, maintained the premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

37. That on or about April 6, 2024, and at all times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, owned the premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

38. That on or about April 6, 2024, and at all times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, leased the premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

39. That on or about April 6, 2024, and at all times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or

employees, resided at the premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

40. That on or about April 6, 2024, and at all times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, rented the premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

41. That on or about April 6, 2024, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, had knowledge, both actual and constructive notice, and a reasonable awareness that the subject premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York was being used and utilized by the general public at large.

42. That on or about April 6, 2024, and at all of the times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, hired a 3rd party to maintain the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

43. That on or about April 6, 2024, and at all of the times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, cleaned, provided a means of safe egress and ingress, erected barriers, and ensured for the safety of persons at the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

44. That on or about April 6, 2024, and at all of the times hereinafter mentioned, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, hired a 3rd party to clean, provide a means of safe egress and ingress, erect barriers and ensure for the safety of persons at the property at the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

45. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, owned a camera system within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

46. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, operated a camera system within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

47. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, maintained a camera system within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

48. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees,

managed a camera system within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

49. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, controlled a camera system within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

50. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, had access to the camera footage taken within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York, and stored to an iCloud.

51. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, hired a 3rd party to operate a camera system within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

52. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, hired a 3rd party to maintain a camera system within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

53. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, hired a 3rd party to manage a camera system within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

54. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, hired a 3rd party to control a camera system within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

55. That on April 6, 2024, and at all times hereinafter alleged, and upon information and belief, the defendant **BEST BUY STORES, L.P.**, its servants, agents and/or employees, hired a 3rd party and provided them access to the camera footage taken within the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York, and stored to an iCloud.

56. That on or about April 6, 2024, the plaintiff, **RUSSELL HERLING**, was on the aforesaid premises.

57. That on or about April 6, 2024, while the plaintiff, **RUSSELL HERLING**, was on the aforesaid premises, he was caused to trip and fall.

58. That the aforesaid accident and the injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in that the defendants owned, operated, maintained, inspected, renovated, excavated, demolition, performed work, failed to repair or remedy, managed, leased, rented and controlled the aforesaid premises, without the plaintiff in any way contributing thereto.

59. That the defendants were herein negligent, reckless and careless in that they violated their duties to persons on the aforesaid premises and to this plaintiff in particular, in knowingly permitting, suffering and allowing the aforesaid premises to be, become and remain in a defective, unsafe and dangerous condition, and were further negligent in failing to take suitable precautions for the safety of persons lawfully on the aforesaid premises.

60. That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in that the defendants failed to properly clean, failed to provide a means of safe egress and ingress, failed to remove dangerous objects, failed to remove hazards, failed to ensure for the safety of persons on the premises, failed to erect barriers and/or failed to warn of a danger at the aforesaid premises, without the plaintiff in any way contributing thereto.

61. That by reason of the foregoing and the negligence of the defendants, the plaintiff, **RUSSELL HERLING**, severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

62. That by reason of the foregoing, the plaintiff, **RUSSELL HERLING** was compelled to and did necessarily require medical aid and attention, and did necessarily pay and

become liable therefor, for medicines and upon information and belief, the plaintiff, **RUSSELL HERLING**, will necessarily incur similar expenses.

63. That by reason of the foregoing, the plaintiff, **RUSSELL HERLING**, has been unable to attend to his usual occupation in the manner required.

64. That one or more of the exceptions of §1602 of the Civil Practice Law and Rules do apply to the within action.

65. That as a result of the foregoing, the plaintiff, **RUSSELL HERLING**, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts.

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF THE PLAINTIFF, RUSSELL HERLING**

66. Plaintiff, repeats and realleges each and every allegation contained in paragraphs 1 through 65 inclusive, with the same force and effect as though more fully set forth at length herein.

67. That the defendant, **BEST BUY CO., INC.**, herein knew, or should have known, that the agent, servant and/or employee was unfit for the employment for which he was hired.

68. That the defendant, **BEST BUY CO., INC.**, was negligent in the hiring, supervision and training of employees, servants, personnel, and/or third parties acting on their behalf and in supervision of the aforesaid agent, servant and/or employee.

69. That the defendant, **BEST BUY CO., INC.**, negligently entrusted staff, employees, servants, agents, and/or third parties to clean, provide a means of safe egress and ingress and erect

barriers at the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

70. That the defendant, **BEST BUY CO., INC.**, negligently entrusted staff, employees, servants, agents, and/or third parties to ensure for the safety of all persons at the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

71. That as a result of the foregoing, the plaintiff, **RUSSELL HERLING**, was damaged in an amount exceeds the jurisdictional limits of the lower courts.

**AS AND FOR A THIRD CAUSE OF ACTION**
**ON BEHALF THE PLAINTIFF, RUSSELL HERLING**

72. Plaintiff, repeats and realleges each and every allegation contained in paragraphs 1 through 71 inclusive, with the same force and effect as though more fully set forth at length herein.

73. That the defendant, **BEST BUY STORES, L.P.**, herein knew, or should have known, that the agent, servant and/or employee was unfit for the employment for which he was hired.

74. That the defendant, **BEST BUY STORES, L.P.**, was negligent in the hiring, supervision and training of employees, servants, personnel, and/or third parties acting on their behalf and in supervision of the aforesaid agent, servant and/or employee.

75. That the defendant, **BEST BUY STORES, L.P.**, negligently entrusted staff, employees, servants, agents, and/or third parties to clean, provide a means of safe egress and ingress

and erect barriers at the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

76. That the defendant, **BEST BUY STORES, L.P.**, negligently entrusted staff, employees, servants, agents, and/or third parties to ensure for the safety of all persons at the property and premises known as BEST BUY located at 660 Sunrise Highway, in the Hamlet of Baldwin, in the County of Nassau, in the State of New York.

77. That as a result of the foregoing, the plaintiff, **RUSSELL HERLING**, was damaged in an amount exceeds the jurisdictional limits of the lower courts.

WHEREFORE, plaintiff demands judgment against the defendants on each cause of action in the amount that exceeds the jurisdictional limits of the lower courts, all together with cost and disbursements of this action.

Dated: Garden City, New York
July 9, 2025

CHOPRA & NOCERINO, LLP.
BY: ______________________
SAMEER CHOPRA, ESQ.
Attorneys for Plaintiff
100 Quentin Roosevelt Blvd, Suite 107
Garden City, New York 11530
(212) 868-3600
File No.: 2528.AN

STATE OF NEW YORK, COUNTY OF NASSAU ss:

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the Plaintiffs in the within action; I have read the foregoing VERIFIED SUMMONS AND COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my clients, is that my clients are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: Garden City, New York
July 9, 2025

Sameer Chopra

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

RUSSELL HERLING,

Plaintiff,

-against-

BEST BUY CO., INC. and BEST BUY STORES, L.P.,

Defendants.

**SUMMONS AND VERIFIED COMPLAINT**

CHOPRA & NOCERINO, LLP
Attorneys for Plaintiff
Office and Post Office Address, Telephone
100 Quentin Roosevelt Blvd
Unit 107
Garden City, New York 11530
212-868-3600

# AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

SUPREME COURT
STATE OF NEW YORK, COUNTY OF NASSAU

Purchased/Filed: July 28, 2025
Index # 616008/2025

*Russell Herling* — Plaintiff

against

*Best Buy Co., Inc. and Best Buy Stores, L.P.* — Defendant

STATE OF NEW YORK
COUNTY OF ALBANY SS.:

James Perone, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on September 22, 2025, at 11:00 AM, at the office of the Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Verified Complaint with Notice of Electronic Filing

on

Best Buy Co., Inc. Fict Name Best Buy Co. of Minnesota, the Defendant in this action, by delivering to and leaving with Trisha Tarkett, AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, 99 Washington Avenue, Albany, NY, 2 true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee 40 dollars; That said service was made pursuant to Section 306 Business Corporation Law. Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant

Description of the person served: Approx. Age: 22 - 35 Yrs. Approx. Wt: 131-160 Approx. Ht: 5' 4" - 5' 8"
Color of skin: White Hair color: Blonde Sex: Female Other: ______

Sworn to before me on this
22nd day of September 2025

SCOTT SCHUSTER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01SC6308636
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES JULY 28, 2026

James Perone
**Attny's File No.** 2528-AN
Invoice•Work Order # S1931381

**SERVICO. INC. P.O. BOX 871. ALBANY. NY 12201**

# AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

SUPREME COURT
STATE OF NEW YORK, COUNTY OF NASSAU

Purchased/Filed: July 28, 2025
Index # 616008/2025

*Russell Herling* — Plaintiff

against

*Best Buy Co., Inc. and Best Buy Stores, L.P.* — Defendant

STATE OF NEW YORK
COUNTY OF ALBANY SS.:

James Perone, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on September 22, 2025, at 11:00 AM, at the office of the Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Verified Complaint with Notice of Electronic Filing

on

Best Buy Stores, L.P., the Defendant in this action, by delivering to and leaving with Trisha Tarkett, AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, 99 Washington Avenue, Albany, NY, 2 true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee 40 dollars; That said service was made pursuant to Section 121-109 Revised Limited Partnership Act. Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant

Description of the person served: Approx. Age: 22 - 35 Yrs. Approx. Wt: 131-160 Approx. Ht: 5' 4" - 5' 8"
Color of skin: White Hair color: Blonde Sex: Female Other:

Sworn to before me on this
22nd day of September 2025

SCOTT SCHUSTER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01SC6308636
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES JULY 28, 2026

James Perone
**Attny's File No.** 2528-AN
Invoice•Work Order # S1931382

***SERVICO. INC. P.O. BOX 871. ALBANY. NY 12201***